UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | ) ) ) | CASE NO. |
| Plaintiff, | ) ) ) | _____ |
| v. | ) ) ) | |
| ANDREWS FLORIST ON 4TH STREET INC., and BLANCA MICHAELS, an individual, | ) ) ) ) | |
| Defendants. | ) ) | **COMPLAINT** **(Injunctive Relief Sought)** |

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action pursuant to §§ 16 and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter the "Act," to have Defendants Andrews Florist on 4th Street Inc., ("Andrews Florist") and Blanca Michaels (hereinafter referred to collectively as "Defendants") enjoined from violating the provisions of §§ 7(a) and 11(c) of the Act and pursuant to § 16(c) of the Act, to recover unpaid wages, together with an equal amount as liquidated damages.

I

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

II

A.   Defendant, Andrews Florist, at all times hereinafter mentioned, has been a Florida corporation having a place of business in Pinellas County, Florida, doing business in Sarasota and Pinellas counties, and operating a florist shop.

B.     Defendant, Blanca Michaels, doing business in Pinellas County, Florida, at all times hereinafter mentioned, acted directly or indirectly in the interests of Andrews Florist in relation to its employees and, therefore, is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).  In particular, Blanca Michaels is an owner of Andrews Florist and oversees all daily operations for the florist shop, including but not limited to hiring, firing, scheduling, setting rates of pay for, and managing the employees in the florist shop.

III

At all times hereinafter mentioned:

A.     Defendants, engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r).

B.     Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level, which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV

Since at least November 17, 2018, Defendants have willfully and repeatedly violated the provisions of §§ 7(a), and 15(a)(2) of the Act, 29 U.S.C. §§ 207(a) and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer than 40 hours without compensating such employees for their

employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed. Specifically, Defendants did not properly compensate employees, including but not limited to delivery drivers and office staff, at one-and-a-half times their regular rates of pay for additional hours worked over 40 hours.

VI

Since at least November 17, 2018, Defendants, employers subject to the provisions of the Act, violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and regulations found at 29 C.F.R. § 516 by failing to make, keep, and preserve adequate and accurate records of the persons employed and of the wages, hours, and other conditions and practices of employment maintained by them, as prescribed in the aforesaid regulations.

VII

WHEREFORE, cause having been shown, Plaintiff prays for Judgment:

A. Pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their agents, servants, employees, and all persons in active concert or participation with them from violating the provisions of §§ 7(a) and 11(c) of the Act.

B. Pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period of three years prior to the commencement of this action plus any time which has been tolled pursuant to agreement by the parties, and an additional equal amount as liquidated damages to employees (as named in Appendix A attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial); and

C. For such other and further relief as may be necessary and appropriate, including costs of this action.

Respectfully submitted this 17th day of November 2021.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303

Telephone:
 (678) 237-0620
 (404) 302-5438 (FAX)


Email:
Ellis.cameron.w@dol.gov
ATL.FEDCOURT@dol.gov


SOL Case No. 21-00021

SEEMA NANDA
Solicitor of Labor

TREMELLE I. HOWARD
Regional Solicitor

ROBERT L. WALTER
Counsel

By:*/s/Cameron W. Ellis*
CAMERON W. ELLIS
Trial Attorney

Office of the Solicitor
U.S. Department of Labor
Attorneys for Plaintiff.