UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARTIN J. WALSH,
Secretary of Labor, United States
Department of Labor,

     Plaintiff,

v.                                     Case No. 8:21-cv-2696-VMC-CPT

ANDREWS FLORIST ON 4TH
STREET INC. and BLANCA
MICHAELS,

     Defendants.
_____/

## REPORT AND RECOMMENDATION

Before me is an amended motion for default judgment filed by Martin J. Walsh, in his official capacity as the Secretary of Labor of the United States Department of Labor (Secretary). (Doc. 17). For the reasons discussed below, I respectfully recommend that the Secretary's motion be denied.

I.

The Secretary initiated this action in November 2021 against Defendants Andrews Florist on 4th Street Inc. (Andrews Florist) and its owner, Blanca Michaels, pursuant to the Fair Labor Standards Act (FLSA or the Act), 29 U.S.C. § 201, *et seq.*

(Doc. 1).  The gist of the Secretary's complaint is that the Defendants did not pay their employees compensation for labor performed in excess of forty hours per week, and also did not properly document the wages, time expended, and other required information relating to their workers' job activities.  *Id*.  Based upon these averments, the Secretary asserts claims under the FLSA's overtime and record-keeping provisions and seeks both damages and injunctive relief.  *Id.*

After the Defendants failed to respond to the Secretary's complaint, the Secretary obtained clerk's defaults against them in accordance with Federal Rule of Civil Procedure 55(a).  (Docs. 12, 13).  By way of the instant motion, the Secretary now requests that the Court enter default judgments against the Defendants pursuant to Federal Rule of Civil Procedure 55(b).  (Doc. 17).[1]

The Defendants have not filed any objections to the Secretary's motion, and the time for doing so has expired.   The matter is therefore ripe for the Court's consideration.

## II.

Rule 55(b) provides that where, as here, a clerk's default has been entered, a plaintiff may apply to either the clerk or the court for the entry of a default judgment. Fed. R. Civ. P. 55(b).  Before awarding a default judgment, however, a court must "ensure that it has jurisdiction over the claims and parties."   *Wagner v. Giniya Int'l*

---

[1] The Secretary previously filed a similar motion (Doc. 14), which the Court denied as deficient (Doc. 16).

2

*Corp.*, 2020 WL 7774385, at *1 (M.D. Fla. Dec. 3, 2020), *report and recommendation adopted*, 2020 WL 7768949 (M.D. Fla. Dec. 30, 2020); *see also Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) ("[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.") (citation and quotation omitted).

If jurisdiction is established, a court must then ascertain whether "there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).   The burden on the movant in this context is akin to the one borne by a party seeking to defeat a motion to dismiss for failure to state a claim.   *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 698 (11th Cir. 2015) (per curiam) ("The requisite factual showing for a default judgment is similar to the factual showing necessary to survive a motion to dismiss for failure to state a claim.") (citing *Surtain*, 789 F.3d at 1245);[2] *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted).   Thus, a court looks to see whether the complaint contains adequate factual averments, which—if accepted

---

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

as true—state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Each of the above considerations—jurisdiction and liability—will be addressed in turn.

## A.

Under 28 U.S.C. § 1331, federal courts have original jurisdiction over all civil actions "arising under" the laws of the United States. 28 U.S.C. § 1331. Such laws include the FLSA. *Nicopior v. Moshi Moshi Palm Grove, LLC*, 375 F. Supp. 3d 1278, 1284 (S.D. Fla. 2019) ("There is no dispute that the [c]ourt has federal question jurisdiction over [the p]laintiffs' FLSA claim.") (citing 28 U.S.C. § 1331). Accordingly, I find that the Court has subject matter jurisdiction over the Secretary's FLSA claims here.

I likewise find that the Court has personal jurisdiction over the Defendants. As alleged in the complaint, Andrews Florist is a Florida corporation with a place of business in Pinellas County, Florida. *See* (Doc. 1 at 1); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (noting that a corporate defendant's place of incorporation and/or principal place of business is a "paradigm" basis for the exercise of general jurisdiction). As also averred in the complaint, Michaels is an owner of Andrews Florist with day-to-day control over the company. (Doc. 1 at 2). Furthermore, the returns of service filed on the public docket evidence that Andrews Florist was properly served with the summons and complaint through its Registered

Agent in accordance with Florida Statute § 48.081(3)(a), and that Michaels was personally served in accordance with Florida Statute § 48.031(1)(a).  (Docs. 6, 7).

## B.

To trigger liability under the FLSA's overtime wage provisions, there must be a threshold showing that during the relevant period: (1) there was an employee-employer relationship between the employee and the entity or person for whom the individual worked; and (2) the employee was "covered" by the FLSA through either individual coverage or enterprise coverage.  *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011).

For individual coverage to apply, an employee must be (1) engaged in commerce or (2) engaged in the production of goods for commerce.  *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006).  An employee is deemed to be "engaged in commerce" where he:

> directly participat[es] in the actual movement of persons or things in interstate commerce by [1] working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or [2] by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne*, 448 F.3d at 1266 (citing 29 C.F.R. §§ 776.23(d)(2), 776.24).

For enterprise coverage to apply, the employer must have:

> (1) . . . employees engaged in commerce or in the production of goods for commerce, or . . . ha[ve] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for

commerce by any person[,] and (2) ha[ve] an annual gross volume of sales made or business done [of] not less than $500,000.

*Gaviria v. Maldonado Bros., Inc.*, 2014 WL 12531281, at *3 (S.D. Fla. Mar. 31, 2014) (internal quotation marks and citation omitted).

A plaintiff ultimately "need not do much to plead individual or enterprise coverage" but must "at least . . . *allege* specific facts concerning the nature of the [employee's] work and whether the work involved a connection to interstate commerce." *Harding-bey v. Pathways Therapy Servs., LLC*, 2021 WL 1894603, at *4 (M.D. Fla. Apr. 20, 2021) (quoting *Sims v. UNATION, LLC*, 292 F. Supp. 3d 1286, 1292 (M.D. Fla. 2018)), *report and recommendation adopted*, 2021 WL 1893968 (M.D. Fla. May 11, 2021).

After careful review, I find that the Secretary does not adequately aver either individual or enterprise coverage in this case.[3]  With respect to the former, the Secretary appears to assert in summary fashion only that the Defendants retained employees, including delivery drivers and office staff, "in an enterprise engaged in commerce or in the production of goods for commerce." (Doc. 1 at 2–3).  Numerous courts in this District have ruled that such allegations—which are essentially legal conclusions and thus not afforded the presumption of truth—do not substantiate a claim of individual coverage. *See, e.g.*, *Harding-bey*, 2021 WL 1894603, at *3–4 (finding

---

[3] It is unclear whether the Secretary is attempting to establish individual coverage on behalf of certain employees or is solely relying on a theory of enterprise coverage.  In an abundance of caution, I address both here.

the unadorned averment that an employee was "engaged in commerce or in the production of goods for commerce" to be insufficient to show individual coverage); *Cloer v. Green Mountain Specialties Corp.*, 2019 WL 568358, at *1 (M.D. Fla. Jan. 2, 2019) (deeming individual coverage to be lacking where the plaintiffs made declaratory statements that they "were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA" and that they worked various jobs without explaining how "they were engaged in commerce or the production of goods for commerce"); *Ramos v. Diamond Drywall & Glass, LLC*, 2013 WL 12388526, at *2 (M.D. Fla. May 7, 2013) (concluding that the plaintiff's assertions he "'was engaged in commerce' within the meaning of the FLSA and subject to individual coverage by listing the elements of the FLSA" were wanting); *Fioretti v. New S. Indus., Inc.*, 2010 WL 11651277, at *3 (M.D. Fla. May 5, 2010) (determining that the plaintiffs did not properly aver they were engaged in commerce or the production of goods for commerce through perfunctory allegations they performed worked "as a field project manager and an hourly paid installer").

As for the matter of enterprise coverage, the Secretary merely alleges:

[The] Defendants, engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of [the FLSA].

Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes

at the retail level, which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of [the Act].

(Doc. 1 at 2).   Courts in this District have likewise found such assertions to be inadequate to sustain a claim of enterprise coverage.  *See*, *e.g.*, *Harding-Bey*, 2021 WL 1894603, at *4 (finding insufficient to establish enterprise coverage an averment that the defendants were "engaged in interstate commerce as defined by [the Act], because [they] . . . made over $500,000.00 in gross sales and/or [were] engaged in commerce with business and individuals outside the State of Florida during the time period in which the [plaintiff] was employed"); *Lozano v. Datereybru Co., LLC*, 2021 WL 8946695, at *2 (M.D. Fla. Dec. 16, 2021) (concluding that an allegation the defendant was "a local transportation company and [was] engaged in interstate commerce within the meaning of the [FLSA]" to be wanting); *Cloer*, 2019 WL 568358, at *1 (deeming a claim that the defendant "was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA" to be lacking); *Ramos*, 2013 WL 12388526, at *3 (rejecting as deficient assertions made by the plaintiff that the defendant was an "'enterprise engaged in commerce' within the meaning of the FLSA, and based upon 'information and belief,' it ha[d] an annual gross revenue in excess of $500,000'").

The court's decision in *Walsh v. Freeman Security Services, Inc.*, 2021 WL 3055328 (M.D. Fla. July 20, 2021) (Covington, J.)—to which the Secretary cites in his motion—does not dictate a contrary conclusion.  In *Freeman*, the court denied a

motion to dismiss and for a more definite statement directed at a similarly worded FLSA complaint brought by the Secretary. *Id.* at *2–3. It was averred by the Secretary in that action, however, that the employees of the defendant company engaged in commerce or in the production of goods for commerce, or handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce, "such as office supplies, mechanical equipment, telephones, tasers, and computers that [were] manufactured and assembled outside of the state of Florida." *Freeman*, No. 8:21-cv-217-AEP, (Doc. 1) (M.D. Fla. Jan. 28, 2021). The Secretary does not allege such specific and detailed facts in his complaint here.

In an apparent attempt to remedy these infirmities, the Secretary submits an affidavit authored by an Assistant District Director of the Wage and Hour Division at the Labor Department, Michelle B. Garvey, who purports to have investigated the Defendants. (Doc. 17-1). Garvey attests in her affidavit that "[a]t least two company employees handled supplies, goods, and materials that had moved in interstate commerce," including—by way of example—the "employees [of Andrews Florist who took] and execute[d] orders from out-of-state customers." *Id.* at 2. Garvey further attests that Andrews Florist attained gross sales of approximately $770,000 in 2018 and $507,000 in 2019. *Id.*

The problem with the Secretary's reliance on Garvey's affidavit is that a court charged with evaluating a motion for a default judgment cannot consider allegations outside of a complaint because a defendant is not deemed to have admitted those allegations by virtue of the clerk's default entered against it. *See Lozano*, 2021 WL

9

8946695, at *3 n.3 ("To the extent that [the p]laintiff now submits an affidavit in support of his motion for default judgment to demonstrate FLSA coverage . . . in the context of a motion for default judgment, [the defendant] has not admitted to allegations outside of the complaint by virtue of its default, and therefore, the [c]ourt may not properly consider those allegations here.") (collecting cases).   Garvey's affidavit is therefore of no help to the Secretary with respect to his instant motion.

C.

One final point merits discussion.   Where—as is contemplated to occur here— a court denies a motion for default judgment due to inadequacies in a complaint, "dismissal of that complaint is warranted because any future motion for default judgment would be based on a deficient complaint." *Amadi v. Ace Homecare, LLC*, 2018 WL 6493110, at *2 (M.D. Fla. Nov. 20, 2018), *report and recommendation adopted*, 2018 WL 6465296 (M.D. Fla. Dec. 10, 2018).   That said, a number of courts in this District have granted plaintiffs leave to amend in such situations.   *Id.* (collecting cases).   In light of this case authority, I recommend that the Secretary be allowed an opportunity to revise his complaint, particularly since he has not sought to amend that pleading during the litigation.[4]

---

[4] If the Court adopts the above findings, it need not address the merits of the Secretary's claim for damages or his claim under the FLSA's record-keeping provisions.   If the Secretary elects to file an amended complaint, however, he should make sure that these matters are properly addressed in his pleading.

10

IV.

Based upon the foregoing, I recommend that the Court:

1.      Deny the Secretary's amended motion for a default judgment (Doc. 17);

2.      Dismiss the Secretary's complaint (Doc. 1) without prejudice; and

3.      Grant the Secretary leave to file an amended complaint within thirty (30)

days of the date of the Court's Order.

Respectfully submitted this 9th day of December 2022.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the

Report and Recommendation's factual findings and legal conclusions.  A party's

failure to file written objections, or to move for an extension of time to do so, waives

that party's right to challenge on appeal any unobjected-to factual finding(s) or legal

conclusion(s) the District Judge adopts from the Report and Recommendation.  *See*

11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Virginia M. Hernandez Covington, United States District Judge
Counsel of record
Any unrepresented party

11